**No. 22-55744**

**(Decided August 23, 2024 –Tashima, Thomas, and Rakoff\*)**

IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———

JUSTIN LYTLE AND CHRISTINE MUSTHALER,
*Plaintiffs-Appellees,*

vs.

NUTRAMAX LABORATORIES, INC. AND NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,
*Defendants-Appellants.*

———

On Appeal from the United States District Court
for the Central District of California,
Case No. 5:19-CV-00835
Honorable Fernando M. Olguin

———

**APPELLANTS' MOTION TO STAY THE MANDATE
PENDING FILING OF A PETITION FOR WRIT OF CERTIORARI**

———

Amy P. Lally (SBN 198555)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone: 310-595-9662
Facsimile: 310-595-9501
alally@sidley.com

Joshua A. Glikin
BOWIE & JENSEN, LLC
210 West Pennsylvania Ave., Suite 400
Towson, Maryland 21204
Telephone: 410-583-2400
Facsimile: 410-583-2437
glikin@bowie-jensen.com

David R. Carpenter (SBN 230299)
Sean A. Commons (SBN 217603)
Nicole M. Baade (SBN 335703)
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, California 90071
Telephone: 213-896-6000
Facsimile: 213-896-6600
drcarpenter@sidley.com
scommons@sidley.com
nbaade@sidley.com

*Attorneys for Defendants-Appellants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*

## TABLE OF CONTENTS

**Page No.**

INTRODUCTION ................................................................................... 1
BACKGROUND ..................................................................................... 2
REASONS FOR A STAY ....................................................................... 3
    A.    Nutramax's Petition Will Present Substantial Questions Involving a Circuit Split. .............................. 4
    B.    There Is Good Cause to Stay the Mandate. ................... 9
CONCLUSION ...................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Allen v. Ollie's Bargain Outlet, Inc.*,
   37 F.4th 890 (3d Cir. 2022) (Porter, J., concurring) ................... 1

*Am. Honda Motor Co. v. Allen*,
   600 F.3d 813 (7th Cir. 2010) ....................................................... 6

*Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018) .................. 5

*In re Blood Reagents Antitrust Litig.*,
   783 F.3d 183 (3d Cir. 2015)...................................................... 6, 8

*Bryant v. Ford Motor Co.*,
   886 F.2d 1526 (9th Cir. 1989) ..................................................... 4

*California v. Am. Stores Co.*,
   492 U.S. 1301 (1989) (O'Connor, J., in chambers) ................ 4, 10

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) .......................................................... 1, 7, 10

*Doe v. Miller*,
   418 F.3d 950 (8th Cir. 2005) ....................................................... 4

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014) ..................................................................... 7

*Lyngaas v. Curaden AG*,
   992 F.3d 412 (6th Cir. 2021) ....................................................... 6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee
   Foods LLC*,
   31 F.4th 651 (9th Cir. 2022)......................................................... 9

*In re Prantil v. Arkema Inc.*,
   986 F.3d 570 (5th Cir. 2021) .................................................. 5, 8

*Rostker v. Goldbert*,
   448 U.S. 1306 (1980) (Brennan, J., in chambers) ..................... 10

*United States v. Claiborne*,
   727 F.2d 842 (9th Cir. 1984) ...................................................... 10

*United States v. Pete*,
   525 F.3d 844 (9th Cir. 2008) ........................................................ 3

*Wal-Mart Stores Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................... 7, 8

*Williams v. Chrans*,
   50 F.3d 1358 (7th Cir. 1995) (per curiam) ................................. 5

*In re Zurn Pex Plumbing Prod. Liab. Litig.*,
   644 F.3d 604 (8th Cir. 2011) ....................................................... 6

## Other Authorities

Fed. R. App. P. 41-1 ................................................................... 2, 4

Fed. R. App. P. 41(d)(2) ............................................................... 1, 3

Fed. R. Civ. P. 23 ...................................................................*passim*

Fed. R. Evid. 702 .............................................................................. 3

S. Ct. R. 10 .................................................................................. 5, 7

## **INTRODUCTION**

Pursuant to Federal Rule of Appellate Procedure 41(d)(2), Defendants-Appellants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") respectfully move for an order staying the issuance of the mandate in this case pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and thereafter until the Supreme Court either disposes of the petition or decides the case on the merits. Counsel for Plaintiffs-Appellees informed Counsel for Nutramax that they oppose this motion.

A stay is warranted because Nutramax's forthcoming certiorari petition will raise substantial questions concerning the appropriate standard for considering evidence at the class certification stage, including whether such evidence must be admissible and whether the district court must conduct a full *Daubert* inquiry. As the panel opinion acknowledges, the Circuits are split on this issue. Slip Op. 26–27; *see also Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 906–07 (3d Cir. 2022) (Porter, J., concurring) (describing circuit split). The Supreme Court originally granted certiorari in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), to resolve this issue, but it ultimately disposed of the case on other grounds. *See* Slip Op. 27 n.6.

1

Furthermore, there is good cause for a stay. It will cause prejudice to Nutramax, confusion to consumers, and a waste of court and party resources if class notice is distributed and the class action proceeds, but the Supreme Court grants certiorari and ultimately reverses the class certification decision. By contrast, a brief stay of this action pending a decision on the petition for certiorari will cause no harm to Plaintiffs, who are free in the meantime to have their expert proceed with his survey and damages analysis—which is the next step in the case in any event.

A stay of the mandate is generally merited unless "the petition for certiorari would be frivolous or filed merely for delay." 9th Cir. R. 41-1. Neither concern is present here: Nutramax's petition for certiorari will be far from frivolous, and it will not be filed merely for delay. The Court should stay the mandate.

## BACKGROUND

The Court is familiar with the relevant facts and background, which are only briefly summarized here. This appeal arises from an order of the district court granting class certification. Nutramax timely filed a Rule 23(f) petition for permission to appeal, which this Court granted. The issues on appeal included whether the report proffered by Plaintiffs' expert in support of class certification was sufficient to satisfy the

2

rigorous analysis required by Federal Rule of Civil Procedure 23 and Federal Rule of Evidence 702.

On April 22, 2024, the Court issued an Opinion affirming the district court's class certification decision. The Court held that, at the Rule 23 stage, expert testimony need not be admissible and that a "limited *Daubert* analysis" is sufficient. Slip. Op. 15–16, 26–29. Nutramax timely petitioned for rehearing and/or rehearing en banc arguing, among other things, that the panel opinion implicated a circuit split. Dkt. 52. On August 23, 2024, the panel issued an Order and Amended Opinion. Dkt. 157. The Amended Opinion corrected a separate legal issue raised by Nutramax's petition, but it did not modify the section of the opinion addressing the circuit split.

## REASONS FOR A STAY

Under Federal Rule of Appellate Procedure 41(d)(2), a stay of the mandate "pending the filing of a petition for a writ of certiorari in the Supreme Court" is appropriate where the certiorari petition "present[s] a substantial question and . . . there is good cause for a stay." This Court often grants such motions. *See United States v. Pete*, 525 F.3d 844, 851 (9th Cir. 2008) (stating that it is "often the case" that mandates are stayed while seeking certiorari from the Supreme Court). "Ordinarily, . . . a party seeking a stay of the mandate following this court's

3

judgment need not demonstrate that exceptional circumstances justify a stay." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528–29 (9th Cir. 1989). Rather, a stay is generally merited unless "the petition for certiorari would be frivolous or filed merely for delay." 9th Cir. R. 41-1.

### A. Nutramax's Petition Will Present Substantial Questions Involving a Circuit Split.

Nutramax's petition for certiorari will present substantial questions of federal law, including whether expert testimony at the class certification stage must be admissible and whether the district court must conduct a full *Daubert* inquiry. A substantial question exists where there is (1) "a reasonable probability that at least four [Supreme Court] Justices would vote to grant the petition for a writ of certiorari" and (2) "a fair prospect that [the] applicant may prevail on the merits." *California v. Am. Stores Co.*, 492 U.S. 1301, 1307 (1989) (O'Connor, J., in chambers). The "reasonable probability" standard does not require proof that the Supreme Court is "more likely than not" to grant review; a lesser showing will suffice. *Doe v. Miller*, 418 F.3d 950, 952 (8th Cir. 2005). In assessing whether there is a fair prospect of reversal, this Court must "dispassionately assess the merits of the case . . . and determine, as best [it] can, how the Justices will assess the

4

judgment that [it] rendered." *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam).

    1.    There is at least a reasonable probability that the Supreme Court will grant Nutramax's petition for certiorari. Under Supreme Court Rule 10, one of the primary criteria that the Justices consider when deciding to grant certiorari is whether "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." S. Ct. R. 10(a). That criterion is met here.

As the panel's opinion acknowledges, there is now a deeply entrenched circuit split over the evidentiary standard that the district court must apply at the class certification stage. *See* Slip Op. 26–27. The First, Third, Fifth, and Seventh Circuits have held that evidence—or at least expert testimony—must be admissible to satisfy Rule 23. *See In re Prantil v. Arkema Inc.*, 986 F.3d 570, 575 (5th Cir. 2021) (holding that the evidentiary inquiry at class certification is the same as that at trial, and "the *Daubert* hurdle must be cleared when scientific evidence is relevant to the decision to certify"); *Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018) (rejecting use of inadmissible hearsay evidence to support standing for class members because "class certification provides no occasion for jettisoning the rules of

5

evidence and procedure"); *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 186–88 (3d Cir. 2015) (rejecting view that it suffices if expert testimony "could evolve to become admissible evidence"); *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815–16 (7th Cir. 2010) (if "an expert's report or testimony is critical," "the district court must perform a full *Daubert* analysis before certifying the class").

By contrast, this Court, along with the Sixth and Eighth Circuits, permit district courts to apply a more lenient evidentiary standard at the class certification stage. *See Lyngaas v. Curaden AG*, 992 F.3d 412, 415, 428–29 (6th Cir. 2021) ("[E]videntiary proof required for class certification need not amount to admissible evidence, at least with respect to nonexpert evidence."); *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 610–14 (8th Cir. 2011) (allowing for a "focused *Daubert* inquiry" based on "the current state of evidence"); Slip Op. 16 ("[T]here is no requirement that the evidence relied upon by Plaintiffs to support class certification be presented in an admissible form at the class certification stage."); *id.* at 29 ("[W]e are satisfied that the district court's limited *Daubert* analysis was sufficient[.]").

This case presents a good vehicle for the Supreme Court to resolve this circuit split and to clarify the evidentiary standard at the class certification stage. There is therefore at least a

6

reasonable probability—if not a likelihood—that four Justices will vote to grant certiorari. *See* S. Ct. R. 10(a).

2. There is also at least a fair prospect that Nutramax will ultimately prevail on the merits if the Supreme Court grants certiorari. Not only does the panel's decision run contrary to the Supreme Court's guidance on class certification, but, if permitted to stand, the panel opinion will have adverse practical consequences for class certification going forward.

a. Under Supreme Court precedent, plaintiffs "must actually *prove*—not simply plead—that their proposed class satisfies" Rule 23, and they must carry this burden of proof "before class certification." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275–76 (2014). The Supreme Court has previously expressed "doubt" about a district court's ruling that the *Daubert* standard "did not apply to expert testimony at the certification stage." *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 354 (2011). And the Supreme Court originally granted certiorari in *Comcast Corp. v. Behrend* to decide whether evidence considered at the class certification stage must be admissible. 569 U.S. at 39 (Ginsburg, J., dissenting). Although the Court ultimately resolved the case on other grounds, it nevertheless emphasized that plaintiffs must present "evidentiary proof" that Rule 23's requirements are "*in fact*" satisfied. *Id.* at 33.

7

The Circuits that have construed Rule 23 to require that evidence at the class certification stage be admissible have relied extensively on this Supreme Court precedent. The Third Circuit, citing *Comcast* and *Wal-Mart*, reasoned that "[e]xpert testimony that is insufficiently reliable to satisfy the *Daubert* standard cannot 'prove'" that Rule 23 is satisfied. *In Re Blood Reagents*, 783 F.3d at 187. And the Fifth Circuit, relying on these same Supreme Court opinions, explained that "if an expert's opinion would not be admissible at trial, it should not pave the way for certifying a proposed class." *Prantil*, 986 F.3d at 576.

b. The practical consequences that will result from a weakened evidentiary standard at the class certification stage further support the likelihood that Nutramax will prevail on the merits. The panel here concluded that if "an expert's analysis is complete and her tests fully executed, there may be no reason for a district court to delay its assessment of ultimate admissibility at trial." Slip Op. 28. "By contrast," if "an expert's model has yet to be fully developed, a district court is limited at class certification to making a predictive judgment about how likely it is the expert's analysis will eventually bear fruit." *Id.* In other words, plaintiffs who choose not to submit a fully developed model need not comply with the Federal Rules of Evidence, while those who do will face more searching assessments.

8

This double standard creates a perverse incentive for class action plaintiffs not to complete their expert models before class certification. When plaintiffs develop models for class certification, the expert's data, assumptions, and outputs become subject to challenge and rigorous review. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 673–84 (9th Cir. 2022). District courts regularly deny certification based on flaws in models as executed—including conjoint surveys—at class certification. But the panel's approach provides future class action plaintiffs with a new roadmap for obtaining certification: Hold off on fully developing your model until *after* certification in order to avoid scrutiny.

\* \* \*

In summary, Nutramax's petition for a writ of certiorari will raise substantial questions concerning the evidentiary standards required to satisfy Rule 23. There is a at least a reasonable probability that the Supreme Court will grant certiorari to resolve the split that has divided seven Circuit Courts. And there is at least a fair probability that Nutramax will ultimately prevail on the merits if the Supreme Court grants certiorari.

### B. There Is Good Cause to Stay the Mandate.

Good cause exists to stay the mandate—and thereby to stay issuance of class notice in the district court—while Nutramax

9

petitions the Supreme Court for a writ of certiorari. When deciding whether to stay the mandate, the Court may consider the likelihood that irreparable harm will result if the decision is not stayed, as well as the balance of equities and the public interest. *See Am. Stores Co.*, 492 U.S. at 1307; *Rostker v. Goldbert*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers). Here, all of the relevant factors weigh in favor of staying the mandate.

Nutramax would be irreparably harmed if an unnecessary notice goes out to its customers, and it is forced to expend resources defending against what may ultimately prove to be a meritless class action lawsuit. *Cf. United States v. Claiborne*, 727 F.2d 842, 851 (9th Cir. 1984) (explaining that proceeding to trial before the appellate court has ruled can cause irreparable harm). The certification of a class is a critical stage in any litigation, which is why district courts are required to conduct a "rigorous analysis" before certification, *Comcast*, 569 U.S. at 33, and why Rule 23(f) provides a streamlined avenue for the immediate appeal of certification decisions.

The risk of confusing the public also weighs heavily in favor of staying the mandate. If Plaintiffs begin sending class notice to consumers and potential class members, but the Supreme Court subsequently grants certiorari and reverses, then the notice will have been unnecessary and may require a second notice of

10

decertification—creating confusion and wasting court and party resources. The public interest would be far better served by simply waiting the brief period of time it will take for the Supreme Court to consider Nutramax's petition for certiorari and, if that petition is successful, the time it will take to resolve this case.

Finally, a stay of the mandate will not harm Plaintiffs. Counsel for Plaintiffs stated that they oppose a stay because the case has been delayed pending the appeal, and they want to proceed with their expert's damage analysis. Staying the mandate will not prevent their expert from proceeding with his work, which will require engaging in additional data collection, drafting and conducting the survey, and then preparing and running his economic model and writing his report. Regardless of whether the mandate is stayed, that work needs to occur before the case can meaningfully proceed. Nothing is stopping Plaintiffs from having their expert do that work now—other than perhaps a reasonable concern that Nutramax will ultimately prevail in its certiorari petition.

## **CONCLUSION**

For the foregoing reasons, Nutramax respectfully requests that the Court stay the issuance of the mandate pending the timely filing of a petition for a writ of certiorari with the United

States Supreme Court, and thereafter until the Supreme Court either disposes of the petition or decides the case on the merits.

Dated: August 29, 2024  Respectfully submitted,

SIDLEY AUSTIN LLP


By: */s/David R. Carpenter*
David R. Carpenter

Attorney for Defendants-Appellants

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rules 27(d) and 32(a)(5) and (6) of the Federal Rules of Appellate Procedure, and Circuit Rule 27-1(1)(d), I certify that the foregoing is in 14-point proportionally spaced Century Schoolbook font, contains 2,438 words, and does not exceed 20 pages.

Dated: August 29, 2024       SIDLEY AUSTIN LLP

By: */s/David R. Carpenter*
       David R. Carpenter

*Attorney for Defendants-Appellants*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 29, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 29, 2024           SIDLEY AUSTIN LLP

By: */s/ David R. Carpenter*
     David R. Carpenter

*Attorney for Defendants-Appellants*